JUDGMENT ENTRY OPINION
{¶ 1} On October 20, 2001, appellee, Jon Lunau, entered into a contract with appellant, Dale Rufener, for the installation of a furnace in the amount of $6,490. Appellant completed the work and appellee paid by check dated July 8, 2002. The check was returned for insufficient funds.
 {¶ 2} On July 30, 2002, appellant mailed appellee a written notice regarding the insufficient check. Appellee sent appellant $3,600. The remaining balance was not paid.
 {¶ 3} On December 31, 2002, appellant filed a complaint against appellee for the balance due and damages incurred. A bench trial was held on June 6, 2003. By judgment entry filed August 15, 2003, the trial court granted appellant $2,890. plus interest from April 2, 2002, but denied any amount for damages as he failed to provide appellee with conspicuous notice as required by R.C. 2307.61(C).
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The appellee waived the affirmative defense of `conspicuous notice'."
 II {¶ 6} "The trial court cannot base its decision on the defense of `conspicuous notice' when appellee admitted that the notice was received and one payment made as a result thereof."
 III {¶ 7} "Where the appellee issued a check for payment of a furnace and it was returned for insufficient funds and a notice has been given to the appellee concerning liquidated damages, the trial court committed error in failing to grant the liquidated damages and attorney fees."
 I {¶ 8} Appellant claims appellee waived the affirmative defense of conspicuous notice pursuant to R.C. 2307.61(C). We disagree.
 {¶ 9} Within his December 31, 2002 complaint, appellant prayed for judgment in the "sum of $500.00 for attorney fees pursuant to R.C. § 2307.61 and R.C. § 2307.61(C)" and for "[a]ny other relief to which Plaintiff may be entitled." Appellee's February 12, 2003 answer specifically denied the claim for attorney fees and interest, claiming that although the check was dishonored, he paid appellant $3,600 of the total $6,490 amount.
 {¶ 10} Upon review, we find appellant's complaint did not specifically request treble damages, although it did cite R.C.2307.61. In his answer, appellee addressed the specifics of appellant's prayer for relief. We find the state of the record does not demonstrate a waiver of the conspicuous notice provision of R.C. 2307.61(C).
 {¶ 11} Assignment of Error I is denied.
 II, III {¶ 12} Appellant claims the trial court erred in not awarding liquidated damages and attorney fees. We disagree.
 {¶ 13} In its judgment entry filed August 15, 2003, the trial court specifically found the following:
 {¶ 14} "The Court further finds that the Plaintiff is not entitled to liquidated damages as provided by Section 2307.60 of the Ohio Revised Code or Attorney fees as provided in Section2307.61(A)(2) of the Ohio Revised Code as he failed to provide to Defendant the conspicuous notice required by Section 2307.61(C) of the Ohio Revised Code.
 {¶ 15} "The Court specifically finds that the notice dated July 30, 2002, which the Plaintiff sent to the Defendant is not conspicuous as that term is defined in Section 1301.01(J) of the Ohio Revised Code as the entire notice is in capital letters and not just those portions of the notice required to be conspicuous by Section 2307.61(C) of the Ohio Revised Code."
 {¶ 16} Plaintiff's Exhibit E is the demand letter of July 30, 2002. Appellant argues the notice language in the letter is conspicuous, and that by paying $3600.00 on the insufficient check, appellee received the notice.
 {¶ 17} The body of the letter and the notice paragraph (paragraph two) are all written in the same font and point. Paragraph two is no more noticeable than the other paragraphs.
 {¶ 18} R.C. 2307.61(C) states, "a written demand for payment shall include a conspicuous notice." The trial court found the notice paragraph was not conspicuous because it did not conform to R.C. 1301.01(J) which states the following:
 {¶ 19} "A term or clause is `conspicuous' when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: NONNEGOTIABLE BILL OF LADING) is `conspicuous.' Language in the body of a form is `conspicuous' if it is in larger or other contrasting type or color. In a telegram, any stated term is `conspicuous.' Whether a term or clause is `conspicuous' is for decision by the court."
 {¶ 20} Although the definition section of R.C. Chapter 1301 pertains to the Ohio Revised Code chapters of the Uniform Commercial Code, we find the trial court as the trier of fact may use the definition to aid in its determination of whether or not the July 30, 2002 letter contained conspicuous notice. Paragraph two which purports to be the notice provision is not set off from the rest of the letter and is not typed in any other font or point; therefore, it fails to meet the definition of R.C.1301.01(J).
 {¶ 21} Upon review, we find the trial court did not err in denying the request for liquidated damages and attorney fees.
 {¶ 22} Assignments of Error II and III are denied.
 {¶ 23} The judgment of the County Court of Tuscarawas County, Ohio is hereby affirmed.
Judgment affirmed.
Wise and Edwards, JJ. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the County Court of Tuscarawas County, Ohio is affirmed.